UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALLEN GROVNER,

                              Plaintiff,

                                                                                         5:22-CV-0882
v.                                                                                            (MAD/ML)

DENNYS, Erie Blvd,

                              Defendant.
_____

APPEARANCES:                                                   OF COUNSEL:

ALLEN GROVNER
  *Pro Se* Plaintiff
1625 Bushill Road
Port Byron, New York 13140

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

       Currently before the Court in this civil rights action filed by Allen Grovner ("Plaintiff") against Dennys Erie Blvd ("Defendant") is Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.) For the reasons discussed below, Plaintiff's motion for leave to proceed IFP is denied and I recommend dismissal of the action based on Plaintiff's failure to prosecute.

**I.    RELEVANT BACKGROUND**

       On August 24, 2022, Plaintiff commenced this action by the filing of a Complaint (Dkt. No. 1), accompanied with a motion for leave to proceed *in forma pauperis* ("IFP") (Dkt. No. 2). On September 19, 2022, the undersigned held an on the record conference, which Plaintiff attended. (Dkt. No. 5; Minute Entry dated 09/19/2022.) During the conference, Plaintiff

informed the Court that his IFP application was completed and signed by Patrick Guillory—not himself—and contained incorrect information. (Minute Entry dated 09/19/2022.)

As a result, Plaintiff was directed to file on or before October 12, 2022, a completed and signed long form IFP application. (Dkt. No. 7.) On October 24, 2022, the Court *sua sponte* extended the deadline for Plaintiff to file a completed and signed long form IFP application until November 9, 2022. (Dkt. No. 8.) On November 14, 2022, the Court again *sua sponte* extended the deadline for Plaintiff to file a completed and signed long form IFP application until November 23, 2022. (Dkt. No. 9.) To date, Plaintiff has filed to pay the filing fee or submit a completed and signed long form IFP application. (*See generally* docket sheet.)

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to grant IFP status if it determines that the plaintiff is unable to pay the required fee. 28 U.S.C. § 1915(a)(1).[1] Pursuant to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed IFP, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1).

The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court. *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983). The court must be satisfied "that the person is unable to pay such fees or give security therefor" prior to granting

---

[1]     The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

IFP status. 28 U.S.C. § 1915(a)(1). To make this threshold showing, a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (Fed. Cl. 2007) (citing *Adkins v. E.l. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915[a] does not require a litigant to demonstrate absolute destitution[.]"); *accord, Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). As the Second Circuit has noted, "no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. at 339).

In support of an IFP application, 28 U.S.C. § 1915 requires that a plaintiff submit an affidavit reflecting his assets. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff informed the Court that his IFP application was completed by someone else and contained incorrect information. More specifically, Plaintiff informed the Court that—contrary to the attestations under penalty of perjury contained in his IFP application—he is employed on a full-time basis, has money in a bank account, and owns other assets. (*Compare* Dkt. No. 2, *with* Minute Entry dated 09/19/2022.) Despite repeated requests by the Court, Plaintiff has failed to file a completed and signed IFP application reflecting his assets.

Accordingly, I deny Plaintiff's motion to proceed in this case IFP. (Dkt. No. 2.) To the extent that Plaintiff may wish to renew his request to proceed IFP, and given the Court's unanswered questions about his financial situation, any request to proceed without the prepayment of fees must include a fully completed long form *in forma pauperis* application (AO 239).

### III. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO PROSECUTE

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[2]  Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. adopting report and recommendation by Lowe, M.J.).  That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff.  *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of the following five specific factors: (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate.  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839

---

[2]  Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J.) (quoting *link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).  Indeed, the local rules of this Court recognize this authority and mandate that the Court exercise it under certain circumstances.  *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

F.2d 930, 932 (2d Cir. 1988)); *see also Shannon v. Gen. Elec.Co.*,186 F.3d 186, 193-94 (2d Cir. 1999).

IV.   **ANALYSIS**

Plaintiff was specifically informed that failure to comply with orders of the Court and file an accurate long form IFP application or pay the filing fee in full, may result in dismissal of the case pursuant to Fed. R. Civ. P. 41.  (Dkt. Nos. 8, 9.)

Based upon careful consideration of the foregoing relevant factors, I conclude that dismissal of Plaintiff's Complaint at this juncture is warranted.  The inability of the Court to move this case forward is due solely to Plaintiff's failure to prosecute, pay the filing fee, or to provide the Court with accurate financial information.  Plaintiff's failure to proceed in this action has a substantial injurious effect on the litigation, and there is no end to Plaintiff's inaction in sight.

Given Plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the Court's docket and Defendant's interest in defending against the claims asserted by Plaintiff, outweigh his right to receive a further opportunity to be heard in this matter.  As required, I have considered less-drastic sanctions, but reject them as ineffective. For example, I am persuaded that issuing an order reprimanding Plaintiff for his conduct would be futile, given that Plaintiff has ignored three prior Court orders.

As a result, I recommend that Plaintiff's Complaint be dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED**;[3] and it is further respectfully

**RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint (Dkt. No. 1) in its entirety, pursuant to Fed. R. Civ. P. 41 based on his failure to prosecute and comply with this Court's orders; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[4]

---

[3] To the extent that the Court does not adopt this Order and Report-Recommendation and Plaintiff's Complaint survives, if Plaintiff wishes to proceed with this action, he must either (i) pay the $402.00 filing fee, or (ii) submit a renewed IFP application detailing his current financial condition, within thirty (30) days from the date of the filing of Court's Decision and Order. Failure to comply with this directive will result in the issuance of a report and recommendation to the assigned district judge that the action be dismissed.

[4] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5] Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: November 29, 2022
Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).