UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALLEN GROVNER,

                                   **Plaintiff,**

vs.                                                                      5:22-CV-0882
                                                                                      (MAD/ML)

DENNYS Erie Blvd,

                                  **Defendant.**

_____

**APPEARANCES:**                                                   **OF COUNSEL:**

**ALLEN GROVNER**
1625 Bushill Road
Port Byron, New York 13140
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

     *Pro se* plaintiff, Allen Grovner, commenced this action on August 24, 2022, by filing a Complaint and motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 1, 2. On September 19, 2022, Magistrate Judge Lovric held an on the record conference with Plaintiff. *See* Dkt. No. 5; Minute Entry dated 9/19/2022. During the conference, Plaintiff informed the Court that his IFP application was completed and signed by Patrick Guillory—not plaintiff—and contained inaccurate financial information. *See* Minute Entry dated 9/19/2022.

     Consequently, Magistrate Judge Lovric ordered Plaintiff to file a completed and signed Long Form IFP application with the Court on or before October 12, 2022. *See* Dkt. No. 7. On October 24, 2022, after Plaintiff's failure to file by the date compliance was due, the Court *sua sponte* extended the deadline for Plaintiff until November 9, 2022, warning Plaintiff that failure to

1

comply may result in dismissal of the case. *See* Dkt. No. 8. On November 14, 2022, after Plaintiff again failed to comply, the Court further extended the deadline *sua sponte* until November 23, 2022, and cautioned Plaintiff a second time that failure to comply may result in dismissal of the case. *See* Dkt. No. 9. Presently, the Plaintiff has not paid the filing fee or complied with the Court's orders to file a completed and signed long form IFP application. *See generally* docket sheet.

In a Report and Recommendation dated November 29, 2022, Magistrate Judge Lovric recommended that the Court dismiss Plaintiff's Complaint in its entirety. *See* Dkt. No. 10. Magistrate Judge Lovric considered the five factors the court is required to examine when deciding whether dismissal for failure to prosecute is appropriate. *See* id. Specifically, Magistrate Judge Lovric found the Court's interest in managing its dockets outweighed Plaintiff's right to receive a further opportunity to be heard due to his "manifest disinterest in pursuing his claims," evidenced by his failure to comply with Court orders to file an accurate long form IFP. *See* Dkt. No. 10 at 5. Accordingly, Magistrate Judge Lovric denied Plaintiff's motion for leave to proceed IFP and recommended that the Court dismiss the action based on Plaintiff's failure to prosecute. *See* Dkt. No. 2. Neither party objected to Magistrate Judge Lovric's Report and Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16,

2

2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.  Fed R. Civ. P. 41(b).  It is considered an "inherent power" of courts to exercise this authority *sua sponte* to "achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).  In addition, discretion should be exercised with caution because dismissal is a particularly harsh remedy, especially against a *pro se* plaintiff.  *Baptiste v. Sommers*, 768 F.3d 212, 216-17 (2d Cir. 2014).

When determining whether dismissal is appropriate under 41(b) for failure to prosecute, courts must consider the following five factors: (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced in further delay in the proceedings; (4) a balancing of the court's interest in managing its docket and the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is

appropriate. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). In applying this test, the determination must be made based on the record as a whole—no one factor is dispositive. *See id.*

In the present matter, the Court finds that Magistrate Judge Lovric correctly determined that Plaintiff's Complaint should be dismissed. As Magistrate Judge Lovric noted, the Court has been unable to move this case forward solely due to Plaintiff's failure to comply with court orders to file an accurate long form IFP or pay the filing fee in full. *See* Dkt. No. 10 at 5. Plaintiff's failure to comply has persisted over a period of two months with the deadline for compliance extended twice. *See* Dkt. Nos. 7-9. In addition, the Court notified Plaintiff twice that his failure to comply may result in dismissal of the case pursuant to Fed. R. Civ. P. 41. *See* Dkt. Nos. 8, 9 ("Plaintiff is advised and cautioned that failure to comply with orders of the court . . . may result in dismissal of the case"). Considering Plaintiff's several opportunities to comply, the Court's interest in managing its docket and judicial resources outweighs Plaintiff's right to receive a further opportunity to be heard. Finally, less severe sanctions, such as an order admonishing Plaintiff, are likely inadequate considering Plaintiff has ignored several prior orders from the Court in this matter.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report and Recommendation (Dkt. No. 10) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaint is DISMISSED in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in

accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 30, 2023
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge